**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 19-CV-22638-SCOLA / REID**
**(13-CR-20899-ZLOCH)**

**JAMIE ALBERTO TAMAYO LOPEZ,**

        **Movant,**

**v.**

**UNITED STATES OF AMERICA,**

        **Respondent.**

_____/

**UNITED STATES OF AMERICA'S RESPONSE REGARDING TIMELINESS OF**
**MOVANT'S MOTION TO VACATE SENTENCE**
**PURSUANT TO 28 U.S.C. § 2255 (CVDE:1)**

The United States of America, by and through the undersigned Assistant United States Attorney, hereby responds to the timeliness of the Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255 filed by Jamie Alberto Tamayo Lopez (hereinafter referred to as "Movant"). (CVDE: 1). In his Motion, Movant claims that his Motion is timely because of newly discovered evidence concerning Drug Enforcement Administration ("DEA") Special Agent Jose Irizarry. Movant's claim is, however, untimely and should be denied.

**I.      BACKGROUND**

Movant was indicted by a federal grand jury sitting in the Southern District of Florida. (CRDE:3). In the Indictment, Movant was charged with: conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956 (Count 1); and distributing a controlled substance, knowing such substance would be unlawfully imported into the United States, in violation of 21 U.S.C. § 959 (Count 2). (CRDE:3).

On March 18, 2016, Movant pleaded guilty to Counts 1 and 2 of the Indictment.

(CRDE:74).  In addition to pleading guilty, Movant also signed a Factual Proffer (CRDE: 75:6-9), wherein he admitted, among other things, that he was in fact guilty of the offenses charged in both Counts 1 and 2 of the Indictment. (CRDE:75:7). Movant also admitted in his Factual Proffer that he did in fact provide post-*Miranda* statements. (*Id*.). In addition, the Factual Proffer outlined the events of the crimes committed by Movant. (*Id*.).

On June 29, 2016, Movant was sentenced to a total of 120 months' incarceration. (CRDE:91,92). Movant did not pursue a direct appeal.  On June 24, 2019, Movant untimely filed the instant Motion.

## II.    LEGAL STANDARD

### A.    General Application of § 2255

Pursuant to 28 U.S.C. §2255, a movant is entitled to relief if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *McKay v. United States,* 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations and internal quotation marks omitted). The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ." *Id*. This Movant cannot do. As stated *supra*, and as admitted in Movant's proffer, Movant is not actually innocent.

### III.    TIMLINESS

**A.    Movant's § 2255 Motion is untimely.**

Movant's § 2255 Motion is untimely. A § 2255 motion may be filed within one year from the date upon which the judgment of conviction became final. 28 U.S.C. § 2255(f)(1). Where a defendant does not appeal, the judgment of conviction will become final upon the expiration of time to file a direct appeal. *Akins v. United States*, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000).  The time for filing a direct appeal expires 14 days after the written judgment of conviction is entered on the criminal docket. See Fed. R. App. P. 4(b)1)(A)(i).

Movant did not appeal his sentence, thus he had one year from the day his conviction became final to file his § 2255 motion. Movant's conviction became final on July 14, 2016, 14 days after the time for filing a direct appeal expired.  Movant's Motion was filed on June 24, 2019, well past the appropriate filing date. (CVDE:1). Movant claims, however, that his Motion is timely because of newly discovered evidence concerning DEA Special Agent Jose Irizarry. (CVDE:1).

28 U.S.C. § 2255(f) provides that "a 1- year period of limitation shall apply to a motion under this section. Specifically §2255(f)(4) states that, the limitation period shall run from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." The Eleventh Circuit has held that a "court should begin the timeliness inquiry under § 2255(f)(4) by determining whether the [movant] exercised due diligence." See *Aaron v. United States*, 291 F.3d 708 at 711 (2002). If not, the date that the relevant facts could have been discovered by a movant is the date from which the limitation period would begin to run. *Gonzalez v. United States*, No. 1:06-CR-351-WSD-LTW, 2012 WL 6045907, at *7 (N.D. Ga. Dec. 5, 2012) citing *Aaron*, 291 F.3d 708 (2002).

In the instant Motion, Movant claims that the newly discovered fact is the corrupt behavior

of the lead Special Agent in his case. More importantly, Movant claims that this Special Agent "manufactured jurisdiction" in order to create a federal case against him. (CVDE:1). To illustrate the newly discovered fact, Movant attaches several articles to his Motion. The earliest written article that Movant attaches is dated, April 20, 2018. Therefore, with due diligence, the earliest Movant could have been made aware of the corruption investigation against Special Agent Irizarry was well over a year prior to the instant Motion being filed. Thus, Movant's Motion is untimely.

## IV. ARGUMENT

Movant argues that he is actually innocent and the case against Movant was created entirely by the unilateral actions of Special Agent Irizarry. (CVDE:1). Movant; therefore, requests that his conviction be vacated and that he be released immediately. (*Id*).

However, there is no indication or evidence that Special Agent Irizarry did anything improper in Movant's case.  Additionally, Special Agent Irizarry was not the only agent in the case; he was one of many that investigated the Movant's criminal conduct. Even if Movant could show that there was conduct that was improper in his case, Movant has not cited a published case of this Court or the Supreme Court addressing the issue of whether discovery of unrelated corrupt behavior of a case agent qualifies as the discovery of "facts supporting the claim or claims presented" under 28 U.S.C. § 2255(f)(4). However, construing the statute, [this Court] has held that the following are "facts" that can be considered under § 2255(f)(4): (1) receipt of a copy of an appellate brief and discovery of an attorney's failure to file an appeal, *Madaio v. United States*, 397 F. App'x 568, 569 (11th Cir. 2010)(citing *Aron v. United States*, 291 F.3d 708, 711 (11th Cir.2002)); (2) vacatur of a prior state conviction, *Rivers v. United States*, 416 F.3d 1319, 1322 (11th Cir.2005); and (3) the date of a state parole board's decision, *Day v. Hall*, 528 F.3d 1315, 1317–18 (11th Cir.2008). None of which are similar to the new facts recited by Movant.

Even if this Court recognizes Movant's claim for newly discovered facts, Movant's claim is not cognizable pursuant to 28 U.S.C. 2255. Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding. [1] *Herrera v. Collins*, 506 U.S. 390, 400–01, 113 S. Ct. 853, 860–61, 122 L. Ed. 2d 203 (1993). "This rule is grounded in the principle that federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution-not to correct errors of fact." See, e.g., *Moore v. Dempsey*, 261 U.S. 86, 87-88, 43 S.Ct. 265, 265, 67 L.Ed. 543 (1923) (Holmes, J.) ("[W]hat we have to deal with [on habeas review] is not the petitioners' innocence or guilt but solely the question whether their constitutional rights have been preserved"); *Hyde v. Shine*, 199 U.S. 62, 84, 25 S.Ct. 760, 764, 50 L.Ed. 90 (1905) ("[I]t is well settled that upon habeas corpus the court will not weigh the evidence") (emphasis in original); *Ex parte Terry*, 128 U.S. 289, 305, 9 S.Ct. 77, 80, 32 L.Ed. 405 (1888) ("As the writ of habeas corpus does not perform the office of a writ of error or an appeal, [the facts establishing guilt] cannot be re-examined or reviewed in this collateral proceeding") (emphasis in original). *Herrera v. Collins*, 506 U.S. 390, 400–01, 113 S. Ct. 853, 860–61, 122 L. Ed. 2d 203 (1993). Movant has failed to sufficiently argue a constitutional violation, which would be cognizable pursuant to 28 U.S.C. 2255, he has failed and is unable to prove that he is actually innocent as demonstrated by his signed Factual Proffer, and more importantly, Movant's Motion is untimely.

---

[1] The Eleventh Circuit has recognized that the legal principles applicable to § 2254 proceedings generally apply to § 2255 motions to vacate. *Rhode v. United States*, 583 F.3d 1289, 1291 (11th Cir. 2009) citing *Gay v. United States*, 816 F.2d 614, 616 n. 1 (11th Cir.1987); see also *Danforth v. Minnesota*, 552 U.S. 264, 128 S.Ct. 1029, 1041 n. 16, 169 L.Ed.2d 859 (2008) (noting that "[m]uch of the reasoning applicable to applications for writs of habeas corpus filed pursuant to § 2254 seems equally applicable in the context of § 2255 motions").

**CONCLUSION**

For the foregoing reasons, the United States respectfully requests that this Court deny

Movant's Motion pursuant to 28 U.S.C.§ 2255(f)(4) without any evidentiary hearing.

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

By:    /s/Monique Botero
       MONIQUE BOTERO
       ASSISTANT UNITED STATES ATTORNEY
       Florida Bar No. 722286
       11200 NW 20th Street
       Miami, Florida 33172
       Tel: (305) 715-7648/7653
       Fax: (305) 715-7639
       E-mail: Monique.Botero@usdoj.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 28, 2019, I electronically filed the foregoing

document with the Clerk of the Court using CM/ECF.  A copy of the foregoing has also been

mailed via U.S. First Class mail to:

Jamie Tamayo Lopez
Reg. No: 19987-038
McRae Correctional Facility
PO Drawer 55030
McRae Helena, GA 31055

By:    /s/Monique Botero
       MONIQUE BOTERO
       ASSISTANT UNITED STATES ATTORNEY